Filed 2/22/24  P. v. Deane CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C097995 |
| Plaintiff and Respondent, | (Super. Ct. No. P21CRF0164) |
| v. | |
| JASON WAYNE DEANE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jason Wayne Deane has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2021, defendant pleaded no contest to possession of methamphetamine.  (Health & Saf. Code, § 11378.)  Pursuant to the plea agreement and defendant's stipulation to aggravating circumstances, the trial court sentenced defendant

1

to the upper term of three years to be served as a split term of one day in county jail and the rest of the time on mandatory supervision pursuant to Penal Code section 1170,[1] subd. (h)(B)(5).

Nine months later, the People filed a petition to revoke defendant's mandatory supervision because he committed a robbery. (§ 211.) Defendant allegedly assaulted his romantic partner and took her cellphone.

The victim testified at the contested hearing on the petition. The victim identified defendant and said she called the police to report a confrontation with defendant and that her cellphone was taken. The victim testified she was intoxicated that night. As a result, she did not remember what she said to the officer or what happened that night. She further claimed she found her cellphone on the driveway.

On cross-examination, the victim testified she did not know what happened that night. The victim, however, asserted her privilege against self-incrimination when questioned as to whether she filed a false police report the night of the incident. The trial court accepted her invocation of the privilege but denied defendant's motion to strike her direct testimony. The victim further testified she could not recall if she told the police officer defendant hit her in the face. She also claimed defendant did not take her cellphone. The victim said she had a romantic relationship with defendant.

The People next called the police officer who responded to the call at 7:30 p.m. on the evening of the altercation. The officer said that the victim did not appear intoxicated. In response to the defense counsel's hearsay objection to the question where the victim said the altercation took place, the trial court stated he disbelieved the victim and her testimony that she did not remember what happened. The trial court overruled the objection because her statements the night of the event were inconsistent with the statement that she did not remember what happened.

---

[1]     Undesignated section references are to the Penal Code.

The police officer testified the victim reported defendant accused her of taking his car, struck her twice, and demanded her cellphone. She said she initially refused to give him the cellphone, but ultimately gave in when he was holding her hair and pulling her head back and forth. She told the officer she gave defendant her cellphone to stop the assault. The victim said defendant took her cellphone and left.

When the police officer spoke to defendant, he said the victim had thrown his cellphone across the road, so he threw the victim's cellphone right behind it.

In the trial court's ruling, it found the victim was not credible and recanted her earlier reports due to her personal and romantic relationship with defendant. The trial court also found her statements about the crime to the police officer were made while the facts were fresh in her mind and while she was under the excitement of the assault. The trial court found what the victim told the officer was the most reliable testimony and that the People met their burden by a preponderance of the evidence defendant had violated section 211.

Upon receipt of the probation report, the trial court terminated the mandatory community supervision portion of defendant's sentence and sentenced him to serve the remainder of the three-year sentence in custody.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

# DISPOSITION

The judgment is affirmed.

          \s\_____ ,
          Krause, J.

We concur:

\s\_____ ,
Robie, Acting P. J.

\s\_____ ,
Duarte, J.